UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROBERT GRATOWSKI AND KIEL KEAR,

    Plaintiff,

vs.                                CASE NO.

DL CYCLES LLC, a Florida Limited Liability
Company, and JOSEPH R. DU BOIS, Individually,

2:17-cv-35-FtM-38CM

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ROBERT GRATOWSKI and KIEL KEAR, by and through the undersigned counsel, file this Complaint against Defendants, DL CYCLES LLC and JOSEPH R. DU BOIS, Individually, (collectively, "Defendants") and state as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201., et seq. (hereinafter the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff ROBERT GRATOWSKI was, and continues to be a resident of Collier County, Florida.

4. At all times material hereto, Plaintiff KIEL KEAR was a resident of Collier County, Florida and currently resides in Charlotte, NC.

5. At all times material hereto, Defendant, DL CYCLES LLC, is a Florida Limited Liability Company and was engaged in business in Lee and Collier Counties, Florida.

6. At all times relevant to this action, Defendant, JOSEPH R. DU BOIS, was an individual resident believed to be residing in Collier County, Florida.

7. At all times relevant to this action, Defendant, JOSEPH R. DU BOIS, managed and operated DL CYCLES LLC.

8. At all times relevant to this action, JOSEPH R. DU BOIS regularly exercised the authority to hire and fire employees of DL CYCLES LLC.

9. At all times relevant to this action, JOSEPH R. DU BOIS determined the work schedules for the employees of DL CYCLES LLC.

10. At all times relevant to this action, JOSEPH R. DU BOIS controlled the finances and operations DL CYCLES LLC.

11. At all times relevant to this action, JOSEPH R. DU BOIS was an employer as defined by 29 U.S.C. 201 et. seq.

12. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of FLSA.

13. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

14. Defendants were, and continue to be "employers" within the meaning of FLSA.

15. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

16. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendants were in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including but not limited to: bicycles and related gear and ordered and received goods that are moving or will move in interstate commerce.

19. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

20. At all times material hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

21. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

22. From on or about October 4, 2013 through March 18, 2016 Plaintiff ROBERT GRATOWSKI worked as an Assistant Manager/Manager for Defendants.

23. From on or about January 16, 2013 through March 12, 2016 Plaintiff KIEL KEAR worked as an Assistant Manager/Manager for Defendants.

24. DL CYCLES LLC is doing business as Trek Bicycles.

25. Defendants misclassified Plaintiffs as exempt from overtime wages and paid them a salary.

26. At various material times hereto, Defendants reduced Plaintiffs salary.

27. At various material times hereto, Plaintiffs performed work off the clock attending mandatory meetings, working from home and participating in mandatory group bicycle rides.

28. At various material times hereto, Plaintiffs worked for Defendants in excess of forty (40) hours within a work week.

29. From at least January 2014 through March 2016, Defendants failed to compensate Plaintiffs at rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiffs should be compensated at the rate of one and one-half times Plaintiffs' regular rate for those hours that Plaintiffs worked in excess of forty (40) hours per week as required by the FLSA.

30. Defendants have violated Title 29 U.S.C. § 207 from at least January 2014 and continuing through March 2016 in that:

    a. Plaintiffs worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

31. Plaintiffs have retained the law firm of BERKE LAW FIRM, P.A. to represent them in the litigation and have agreed to pay the firm a reasonable fee for its Services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

32. Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 — 31 as if incorporated herein.

33. From at least January 2014 and continuing through March 2016, Plaintiffs worked in excess of the forty (40) hours per week for which Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay.

34. Rather, throughout their employment Defendants failed to pay Plaintiff, and all employees similarly situated, for all hours worked including overtime wages.

35. Plaintiffs were, and are entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours.

36. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

37. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

38. Defendants have failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40)

hours per week, plus liquidated damages.

40. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

41. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

42. Based upon information and belief, Defendants have failed to properly pay Plaintiffs proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b. Awarding Plaintiffs overtime compensation in the amount due them for Plaintiffs' time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiffs pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

Dated this 18th day of January 2017.

        BERKE LAW FIRM, P.A.

By: _____
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorneys for Plaintiff*